UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    CYNTHIA A. LISENKO,
                  Debtor.

Case No. 07-32774
Chapter 13

FILED
MAR 24 2008
OFFICE OF THE BANKRUPTCY CLERK
SYRACUSE, NY

APPEARANCES:

ROBERT B. RIBAROVSKI
Attorney for Cynthia A. Lisenko
One Lincoln Center
Suite 1010
Syracuse, New York 13202

ROBERT B. RIBAROVSKI, ESQ.

CHAPTER 13 TRUSTEE
250 South Clinton Street
Suite 203
Syracuse, New York 13202

MARK W. SWIMELAR, ESQ.
(Standing Chapter 13 Trustee)
LYNN HARPER WILSON, ESQ.
(Staff Attorney to Chapter 13 Trustee)

MARGARET CANGILOS-RUIZ, U.S. BANKRUPTCY JUDGE

**MEMORANDUM-DECISION AND ORDER DENYING CONFIRMATION**

The chapter 13 trustee ("Trustee") objects to confirmation of the plan proposed by Cynthia A. Lisenko ("Debtor"), under § 1325 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2008), (hereinafter "Bankruptcy Code" or "Code"). At issue is whether Debtor is committing all of her "projected disposable income" to make payments to unsecured creditors under the plan as required by Code § 1325(b)(1)(B) when her "monthly disposable income" as calculated on Form 22C[1] is approximately one-half the amount of Debtor's "monthly net

---

[1] Official Form 22C "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income" was first introduced by the 2005 amendments to the Code known as the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Many courts and parties still refer to "Form 22C" as "Form B22C." Form B22C was an interim form that became Form 22C when the official forms were adopted. For purposes of the court's analysis, the terms are interchangeable. For the sake of clarity, the court will refer to both as "Form 22C."

income" reflected on Debtor's Schedule J.[2] This memorandum-decision incorporates the court's findings of fact and conclusions of law as permitted by Fed. R. Bankr. P. 7052.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(L).

## FACTS

Debtor's Form 22C reflects $438.42 of "monthly disposable income." Debtor's Schedule J reflects $866.49 of "monthly net income." Debtor calculated her annualized current monthly income as $56,834.52 on Form 22C. Because Debtor's annualized current monthly income of $56,834.52[3] is above the applicable median family income for a household of one, Debtor is an "above the median" debtor, requiring a plan commitment period of 60 months.[4] No party disputes the applicable commitment period.

Debtor's plan, filed on October 31, 2007, proposes monthly payments equal to her monthly disposable income (from Form 22C) of $438.00 for 60 months and a dividend of not less than 35.94% to unsecured creditors. The Trustee objects to confirmation of the proposed

---

[2] Schedule J, "Current Expenditures of Individual Debtor(s)," is an official form ("Official Form 6J") completed by a debtor pursuant to Code § 521(a)(1)(B)(ii). Schedule J is normally submitted with the petition or within 15 days of filing the petition, as mandated by Fed. R. Bankr. P. 1007(b) and (c). The instructions at the top of Schedule J direct a debtor to complete the schedule "…by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate." Monthly net income, found on Schedule J, [Line 20c] is the difference between the average monthly income from Line 15 of Schedule I ("Current Income of Individual Debtors") and average monthly expenses listed on Line 18 of Schedule J.

[3] Annualized current monthly income [Form 22C Line 15] is determined by averaging the total income received monthly for the six months prior to filing [Form 22C Line 2] and multiplying the result by 12 [Form 22C Line 14].

[4] Whether or not a debtor is "above the median" or "below the median" is determined by calculations made on Form 22C. Form 22C calculates the applicable commitment period for a chapter 13 plan pursuant to Code § 1325(b)(4). Based upon the size of a debtor's household, a debtor inputs the applicable median family income for a family of comparable size (available at www.usdoj.gov/ust/ ) on line 16 of Form 22C and then determines if his or her income is above or below the amount indicated on line 16. The results determine the number of months a debtor must commit to making payments under a plan, referred to as the applicable commitment period. For debtors whose income is below the applicable median family income, the applicable commitment period is 3 years, and for debtors whose income is above the applicable median family income, the applicable commitment period is 5 years. 11 U.S.C. § 1325(b)(4).

2

plan on the grounds that Debtor is not committing all of her "projected disposable income" during the applicable commitment period as evidenced by Debtor's Schedule J. Therefore, the question presented is whether "projected disposable income" should be derived solely from Form 22C or should be calculated with further reference to Debtor's Schedule J.

## DISCUSSION

Under Bankruptcy Code § 1325(b)(1)(B), in order for the court to confirm a plan over an objection by the trustee or an unsecured claimant, the plan must propose to pay the claim in full or the plan must provide that "...all of the debtor's *projected disposable income* to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B) (emphasis added).

The Code does not define the term *"projected disposable income."* However, "disposable income" is defined in Code § 1325(b)(2) as "*current monthly income* received by the debtor...less amounts reasonably necessary to be expended...." 11 U.S.C. § 1325(b)(2) (emphasis added). "Current monthly income," in turn, is defined in Code § 101(10A). 11 U.S.C. § 101(10A). Current monthly income is calculated as the monthly average of all income obtained during the six months immediately preceding a debtor's filing, excluding Social Security benefits and certain other income. *Id.* Without a clear definition of the actual term, the cases have generally split into two camps as to how to calculate "projected disposable income."

In the first camp, courts determine "projected disposable income" strictly from Form 22C. Allowed deductions are subtracted from "current monthly income" to calculate "monthly disposable income." Disposable income is then simply multiplied by the number of months in the applicable commitment period and that multiple is deemed to satisfy Code § 1325(b)(1)(B).

3

See, e.g., *In re Alexander*, 344 B.R. 742 (Bankr. E.D.N.C. 2006); *In re Rotunda* (Bankr. N.D.N.Y. 2006).[5] A second line of cases have held that "projected disposable income" should be measured by a debtor's financial condition during the "applicable commitment period" with reference to Schedules I and J. *See, e.g., In re Lanning*, 380 B.R. 17 (10th Cir. B.A.P. 2007); *In re Pak*, 378 B.R. 257 (9th Cir. B.A.P. 2007); *In re Kibbe*, 361 B.R. 302 (1st Cir. B.A.P. 2007).

This court finds persuasive the reasoning behind the second line of cases. These cases view Form 22C as a "first look" and permit further inquiry when a debtor's monthly disposable income differs markedly from monthly net income after accounting for the exempt income excluded on Form 22C. Code § 1325(b)(1)(B) includes the forward-looking language "…income to be received in the applicable commitment period." When viewed from the vantage point "as of the effective date of the plan," as further mandated by Code § 1325 (b)(1), this court finds that a review of Debtor's monthly disposable income, calculated on Form 22C historically at $438.00, may and should, at the time of confirmation, be followed by inquiry into the monthly net income stated on Schedule J of $866.49, when such disparity presents itself. *In re Hardacre*, 338 B.R. 718 at 723 (Bankr. N.D. Tex. 2006).

Apart from Debtor's initial filings and pleadings filed in connection with confirmation, no evidentiary hearing has been held and no record has been made to support the numbers utilized by Debtor. The court notes that the difference between Debtor's average monthly income reported for the six months prior to filing (on Form 22C) and Debtor's current income (on Schedule I) may explain the discrepancy between monthly disposable income and monthly

---

[5] Notwithstanding the holding in *Rotunda*, Chief Judge Gerling in our District has evolved in his analysis to a more flexible standard as noted by the Trustee in his brief filed in this case. As explained by Judge Gerling in a more recent case, "[current monthly income] is not cast in stone, [and] *Rotunda* left the door open for the modification upward and downward of current monthly income." Trustee's Memorandum of Law, p. 4, *citing* Transcript of Confirmation Hearing, *In re Vodek*, Case No. 06-31645 (Bankr. N.D.N.Y. filed Feb. 21, 2007).

4

net income in this case. The discrepancy might be alternatively, and/or additionally, explained by the difference between the expenses included on Form 22C and Debtor's actual expenses reported on Schedule J. In either case, until such time as the discrepancy is explained to the court's satisfaction, the court is unable to affirmatively find that all of Debtor's projected disposable income is being applied to pay unsecured creditors under the plan to overcome the trustee's objection.

As a separate basis to sustain the Trustee's objection, it is not readily apparent as to why Debtor proposes a monthly plan payment less than the projected average chapter 13 plan payment listed on Line 50a of Form 22C. Further explanation is needed as to why the lower proposed monthly payment does not impermissibly allow Debtor to account twice for the monthly estimated chapter 13 administrative expense, thereby depriving unsecured creditors of the right to have all projected disposable income applied for their benefit under the plan.

Accordingly, for the foregoing reasons, confirmation is denied without prejudice to Debtor submitting an amended plan which resolves the Trustee's objection, amending Schedules I , J and/or Form 22C to more accurately reflect Debtor's actual expenses and income and providing further explanation as to the discrepancy between monthly disposable income and monthly net income.

So ordered.

**Dated: March 24, 2008**
**Syracuse, New York**

Hon. Margaret Cangilos-Ruiz
U.S. Bankruptcy Judge